No. 19,116.

PEOPLE OF THE STATE OF COLORADO, EX REL. DUKE W. DUNBAR, ATTORNEY GENERAL, ET AL *v.* WILLIAM E. SWEET, JR., ET AL.
(356 P. [2d] 883)

Decided November 14, 1960.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK

E. HICKEY, Deputy, Mr. NEIL TASHER, Assistant and Inheritance Tax Commissioner, Mr. FLOYD B. ENGEMAN, Assistant, for plaintiffs in error.

Messrs. SHELDON & NORDMARK, Mr. RICHARD C. McLEAN, for defendants in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

DOES the presence of two facts additional to those appearing in *People ex rel. Dunbar v. The First National Bank of Colorado Springs,* No. 19,059, decided this date, require a disposition different from that rendered in that case? We think not.

Six months after the date of the death of the decedent, the co-executors by letter advised the State that:

"This payment is made on valuations of securities and other property as of the date of death and we reserve the right to refigure the values as of one year from the date of death to determine any excess paid hereon and to apply for refunds accordingly."

Evidence was adduced to the effect that upon receipt of the written notice the estate is changed from a closed to an open status; and that the file is assigned to an analyst in the commissioner's office who is charged with the duty to ascertain if the supplemental application is received within the fifteen-month period.

█ The letter reserving the right to exercise the election provided for by C.R.S. '53, 138-4-67, adds nothing to the estate's right that it did not already have under the statute. The right reserved in the letter is the same right preserved by the statute. This letter is not a notice within the terms of the statute.

█ That the administration of the act after notice is simple and mechanical does not derogate from *its* mandatory character. The important feature of the act, de-

termining its character, is what shall be done by the representative of the estate to obtain the advantage afforded by the law, not what the state does after receiving the notice. So construed, we have held the pertinent provisions of the act to be mandatory in *People ex rel. Dunbar v. The First National Bank of Colorado Springs.*

The judgment is reversed.